Jeffrey T. Murray (ASB # 19223)
Kristin Mackin (ASB # 23985)
SIMS MURRAY, LTD.
2020 North Central Ave., Suite 670
Phoenix, Arizona 85004
Telephone: (602) 772-5500
Fax: (602) 772-5509
jtmurray@simsmurray.com
kmackin@simsmurray.com
Attorneys for the Town

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Curis Resources (Arizona), Inc.**, a Nevada corporation,<br><br>              Plaintiff,<br><br>  v.<br><br>**Town of Florence**, an Arizona municipal corporation<br><br>              Defendant. | No.  2:12-CV-02215-JAT<br><br>**ANSWER** |

Defendant Town of Florence, by and through its attorney undersigned, for its Answer to Plaintiff's Complaint alleges and states as follows:

**Parties**

1. Answering Paragraph 1, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
2. Answering Paragraph 2, the Town admits the allegation therein.

**Jurisdiction and Venue**

3. Answering Paragraph 3, the Town denies the allegations therein.
4. Answering Paragraph 4, the Town admits that this Court has jurisdiction.
5. Answering Paragraph 5, the Town admits that venue is also proper in this Court.

## The Florence Copper Project

6. Answering Paragraph 6, the Town admits only that Curis owns land within the municipal boundaries of Florence. As to the remaining allegations therein, the Town is without sufficient information to form a belief as to their truth and therefore denies the same.

7. Answering Paragraph 7, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

8. Answering Paragraph 8, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

9. Answering Paragraph 9, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

10. Answering Paragraph 10, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

11. Answering Paragraph 11, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

12. Answering Paragraph 12, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

13. Answering Paragraph 13, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

14. Answering Paragraph 14, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

15. Answering Paragraph 15, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

16. Answering Paragraph 16, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

## Project Opposition by Town of Florence

17. Answering Paragraph 17, the Town denies the allegations therein.

18. Answering Paragraph 18, the Town admits only that it took certain actions alleged in Paragraph 18, but denies that they actions were taken "to restrict Curis' ability to operate the Project."  The Town denies any allegations not specifically admitted herein.

### Florence Sulfuric Acid Ordinance

19. Answering Paragraph 19, the Town admits the allegations therein.
20. Answering Paragraph 20, the Town admits that the Ordinance was released to the public with the Agenda for the August 6, 2012 meeting.  At this time, the Town is without sufficient information to form a belief as to whether the transcript of the Council meeting attached as Exhibit E of the Complaint is a true and correct transcript of that meeting and therefore denies that part of the allegations in Paragraph 20.
21. Answering Paragraph 21, the Town admits the allegation therein.
22. Answering Paragraph 22, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
23. Answering Paragraph 23, the Town admits the allegations therein.
24. Answering Paragraph 24, the Town admits the allegations therein.
25. Answering Paragraph 25, the Town admits only that the Ordinance lists, and the Town Council considered, numerous health and safety concerns to human life by the use of large quantities of sulfuric acid.  The Town denies the remaining allegations not specifically admitted herein.
26. Answering Paragraph 26, the Town denies the allegations therein.
27. Answering Paragraph 27, the Town admits the definition of "large quantities" as defined therein and that the Ordinance does not define "sulfuric acid."  The Town denies the remaining allegations not specifically admitted herein.

28. Answering Paragraph 28, the Town admits that "agricultural operations" are exempted from the Ordinance and denies the remaining allegations not specifically admitted herein.

29. Answering Paragraph 29, the Town denies that the only intent of the Ordinance was to prevent Curis from moving forward with the Project. The Town affirmatively alleges that the Ordinance speaks for itself such that no interpretation or partial quotation is appropriate. The Town denies all allegations not specifically admitted herein.

30. Answering Paragraph 30, the Town admits that the draft ordinance presented to the Florence Town Council made reference to Curis but affirmatively alleges that the Ordinance as enacted by the Florence Town Council deleted such references to Curis. The Town denies that the Ordinance was directed solely at Curis and affirmatively alleges that the Ordinance was enacted to protect the health and safety of the residents.

31. Answering Paragraph 31, the Town admits that the Council passed the Ordinance removing references to Curis and denies the remaining allegations not specifically admitted herein.

32. Answering Paragraph 32, the Town admits Mayor Tom Rankin inquired whether the Ordinance as amended would apply to Curis and denies the remaining allegations not specifically admitted herein

33. Answering Paragraph 33, the Town admits that Florence has not prosecuted any person or business, including Curis, under the Ordinance. the Town is without sufficient information to form a belief as to the truth of the allegations not specifically admitted herein

34. Answering Paragraph 34, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

35. Answering Paragraph 35, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
36. Answering Paragraph 36, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

**Count 1**
**Equal Protection**

37. Answering Paragraph 37, the Town re-alleges its answers above for Paragraphs 1-36.
38. Answering Paragraph 38, the Town denies the allegations therein.
39. Answering Paragraph 39, the Town denies the allegations therein.
40. Answering Paragraph 40, the Town denies the allegations therein.
41. Answering Paragraph 41, the Town denies the allegations therein.
42. Answering Paragraph 42, the Town denies the allegations therein.
43. Answering Paragraph 43, the Town denies the allegations therein.

**Count 2**
**Due Process**

44. Answering Paragraph 44, the Town re-alleges its answers above for Paragraphs 1-43.
45. Answering Paragraph 45, the Town denies the allegations therein.
46. Answering Paragraph 46, the Town denies the allegations therein.
47. Answering Paragraph 47, the Town denies the allegations therein.
48. Answering Paragraph 48, the Town denies the allegations therein.

**Count 3**
**Impairment of Contract**

49. Answering Paragraph 49, the Town re-alleges its answers above for Paragraphs 1-49.
50. Answering Paragraph 50, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
51. Answering Paragraph 51, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

52. Answering Paragraph 52, the Town admits only that it is a class one misdemeanor to "conduct a business which utilizes large quantities of sulfuric acid" within the Town boundaries or two-miles thereof. The Town denies that the Ordinance impairs any contractual relationship in violation of the Constitution. The Town denies any allegation not specifically admitted herein.

53. Answering Paragraph 53, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

54. Answering Paragraph 54, the Town denies the allegations therein.

## Count 4
## Impairment of Contract (Arizona Constitution)

55. Answering Paragraph 55, the Town re-alleges its answers above for Paragraphs 1-54.

56. Answering Paragraph 56, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

57. Answering Paragraph 57, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

58. Answering Paragraph 58, the Town admits only that it is a class one misdemeanor to "conduct a business which utilizes large quantities of sulfuric acid" within the Town boundaries or two-miles thereof. The Town denies that the Ordinance impairs any contractual relationship in violation of the Arizona Constitution. The Town denies any allegation not specifically admitted herein.

## Count 5
## Special Law (Arizona Constitution)

59. Answering Paragraph 59, the Town re-alleges its answers above for Paragraphs 1-58.

60. Answering Paragraph 60, the Town admits only that the Ordinance applies to in-situ mining if performed using "large quantities" of sulfuric acid as defined in the Ordinance. The Town denies any allegation not specifically admitted herein.

61. Answering Paragraph 61, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
62. Answering Paragraph 62, the Town denies the allegations therein.
63. Answering Paragraph 63, the Town denies the allegations therein.
64. Answering Paragraph 64, the Town denies the allegations therein.

## Count 6
## Federal and State Preemption

65. Answering Paragraph 65, the Town re-alleges its answers above for Paragraphs 1-64.
66. Answering Paragraph 66, the Town alleges that this is not a factual allegation, but is a legal conclusion requiring no further response and is therefore denied. The Town affirmatively alleges that the Arizona Constitution speaks for itself.
67. Answering Paragraph 67, the Town alleges that this is not a factual allegation, but is a legal conclusion requiring no further response and is therefore denied. The Town affirmatively alleges that the statute speaks for itself.
68. Answering Paragraph 68, the Town denies the allegations therein.
69. Answering Paragraph 69, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.
70. Answering Paragraph 70, the Town denies the allegations therein.
71. Answering Paragraph 71, the Town denies the allegations therein.

## Count 7
## Exceeding Statutory Authority

72. Answering Paragraph 72, the Town re-alleges its answers above for Paragraphs 1-71.
73. Answering Paragraph 73, the Town denies the allegations therein.
74. Answering Paragraph 74, the Town admits only that under ARS 9-24 the Town has the authority to define and abate nuisances. the Town denies the remaining allegations therein as they are statutory citations that require no further response
75. Answering Paragraph 75, the Town denies the allegations therein.

76. Answering Paragraph 76, the Town denies the allegations therein.

### Count 8
### Declaratory Relief

77. Answering Paragraph 77, the Town re-alleges its answers above for Paragraphs 1-76.

78. Answering Paragraph 78, the Town denies the allegations therein.

79. Answering Paragraph 79, the Town denies the allegations therein.

80. Answering Paragraph 80, the Town denies the allegations therein.

81. Answering Paragraph 81, the Town denies the allegations therein.

82. Answering Paragraph 82, the Town denies the allegations therein.

### Count 9
### Injunction

83. Answering Paragraph 83, the Town re-alleges its answers above for Paragraphs 1-82.

84. Answering Paragraph 84, the Town denies the allegations therein.

85. Answering Paragraph 85, the Town denies the allegations therein.

86. Answering Paragraph 86, the Town is without sufficient information to form a belief as to the truth of the allegations therein and therefore denies the same.

87. Answering Paragraph 87, the Town denies the allegations therein. The Town affirmatively alleges the Ordinance was enacted to protect the health and safety of the citizens of Florence.

88. Answering Paragraph 88, the Town denies the allegations therein.

### Affirmative Defenses

A. The Ordinance was not enacted as an attack on Curis or in-situ mining but a good-faith effort of the Town to protect the health and safety of its citizens.

B. The Town did not act with intent or purpose to discriminate.

C. The Town's action in enacting the Ordinance was rationally related to its significant and legitimate concerns about the health and safety of its citizens.

8

D. There was no deprivation of life, liberty, or property.

E. Any government action here did not rise to the level of "shocks the conscience."

F. The Ordinance does not unconstitutionally impair Curis' rights under a lawful contract under federal or state law.

G. The Ordinance is a proper exercise of the Town's authority to define, regulate and abate nuisances within the Town and within two-miles of the Town's limits.

H.  The Town hereby incorporates all affirmative defenses set forth in Fed. R. Civ. P. Rule 8(c) and 12(b).

I. Plaintiff's complaint fails to state a claim upon which relief can be granted.

J. The Town, its officials and employees, are immune from alleged damages.

K. The Town denies any and all allegations not specifically admitted herein.

L. Plaintiff failed to avail himself of adequate state law remedies.

**WHEREFORE**, the Town prays for relief as follows:

A. Deny all claims for relief requested by Plaintiffs.

B. That this Court award the Town its costs and reasonable attorneys' fees incurred herein.

C.  For such other and further relief that the court deems just and reasonable.

**DATED** this 6th day of November, 2012.

**SIMS MURRAY, LTD.**

/s/ Jeffrey T. Murray
Jeffrey T. Murray
Kristin Mackin
2020 North Central Ave., Suite 670
Phoenix, Arizona  85004
jtmurray@simsmurray.com
kmackin@simsmurray.com
Telephone: (602) 772-5500
Attorneys for Defendant Town of Florence

**CERTIFICATE OF MAILING**

I hereby certify that on this 6th day of November, 2012, I electronically transmitted the attached document to the Clerk's Office using the ECF System for filing, and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Colin F. Campbell
Shane Ham
OSBORN MALEDON, P.A.
2929 N. Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
Attorneys for Plaintiff

Francis J. Slavin
Daniel J. Slavin
FRANCIS J. SLAVIN, P.C.
2198 East Camelback Road, Ste. 285
Phoenix, AZ 85016
Attorneys for Plaintiff


/s/ Julie Van Roekel